LAWRENCE ET AL. *v.* STATE TAX COMMISSION OF MISSISSIPPI.

No. 580. Argued April 18, 1932.—Decided May 16, 1932.

*Mr. Wm. H. Watkins* for appellants.

278

*Mr. J. A. Lauderdale,* Assistant Attorney General of Mississippi, with whom *Mr. Greek L. Rice,* Attorney General, was on the brief, for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This is an appeal under § 237 of the Judicial Code, from a decree of the Supreme Court of Mississippi, 162 Miss. 338; 137 So. 503, upholding the Mississippi income tax law [c. 132, Miss. Laws of 1924, as amended in 1928, c. 124, 2 Miss. Code Ann. (1930) 2136], which, as applied

to appellant, is assailed as infringing the Fourteenth Amendment of the Federal Constitution. Sections 5027 and 5033 of the statute impose an annual tax on the net income of corporations and individuals. But paragraph (b) of § 5033, added by the Act of 1928, provides: "The term gross income does not include . . . (11) Income of a domestic corporation, when earned from sources without this state. . . ."

Appellant, a citizen and resident of Mississippi, brought the present suit to set aside the assessment of a tax upon so much of his net income for 1929 as arose from the construction by him of public highways in the State of Tennessee. The taxing statute was challenged on the ground that in so far as it imposes a tax on income derived wholly from activities carried on outside the state, it deprived appellant of property without due process of law, and that in exempting corporations, which were his competitors, from a tax on income derived from like activities carried on outside the state, it denied to him the equal protection of the laws.

The obligation of one domiciled within a state to pay taxes there, arises from unilateral action of the state government in the exercise of the most plenary of sovereign powers, that to raise revenue to defray the expenses of government and to distribute its burdens equably among those who enjoy its benefits. Hence, domicile in itself establishes a basis for taxation. Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable from the responsibility for sharing the costs of government. See *Fidelity & Columbia Trust Co.* v. *Louisville*, 245 U. S. 54, 58; *Maguire* v. *Trefry*, 253 U. S. 12, 14, 17; *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 498; *Shaffer* v. *Carter*, 252 U. S. 37, 50. The Federal Constitution imposes on the states no particular modes of taxation, and apart from the specific grant to the federal government of the exclusive

power to levy certain limited classes of taxes and to regulate interstate and foreign commerce, it leaves the states unrestricted in their power to tax those domiciled within them, so long as the tax imposed is upon property within the state or on privileges enjoyed there, and is not so palpably arbitrary or unreasonable as to infringe the Fourteenth Amendment. *Kirtland* v. *Hotchkiss, supra.*

Taxation at the place of domicile of tangibles located elsewhere has been thought to be beyond the jurisdiction of the state, *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194; *Frick* v. *Pennsylvania,* 268 U. S. 473, 488–489; but considerations applicable to ownership of physical objects located outside the taxing jurisdiction, which have led to that conclusion, are obviously inapplicable to the taxation of intangibles at the place of domicile or of privileges which may be enjoyed there. See *Foreign Held Bond Case,* 15 Wall. 300, 319; *Frick* v. *Pennsylvania, supra,* p. 494. And the taxation of both by the state of the domicile has been uniformly upheld. *Kirtland* v. *Hotchkiss, supra; Fidelity & Columbia Trust Co.* v. *Louisville, supra; Blodgett* v. *Silberman,* 277 U. S. 1; *Maguire* v. *Trefry, supra;* compare *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *First National Bank* v. *Maine,* 284 U. S. 312.

The present tax has been defined by the Supreme Court of Mississippi as an excise and not a property tax, *Hattiesburg Grocery Co.* v. *Robertson,* 126 Miss. 34; 88 So. 4; *Knox* v. *Gulf, M. & N. R. Co.,* 138 Miss. 70; 104 So. 689, but in passing on its constitutionality we are concerned only with its practical operation, not its definition or the precise form of descriptive words which may be applied to it. See *Educational Films Corp.* v. *Ward,* 282 U. S. 379, 387; *Pacific Co.* v. *Johnson,* 285 U. S. 480; *Shaffer* v. *Carter, supra,* pp. 54–55.

It is enough, so far as the constitutional power of the state to levy it is concerned, that the tax is imposed

by Mississippi on its own citizens with reference to the receipt and enjoyment of income derived from the conduct of business, regardless of the place where it is carried on. The tax, which is apportioned to the ability of the taxpayer to bear it, is founded upon the protection afforded to the recipient of the income by the state, in his person, in his right to receive the income, and in his enjoyment of it when received. These are rights and privileges incident to his domicile in the state and to them the economic interest realized by the receipt of income or represented by the power to control it, bears a direct legal relationship. It would be anomalous to say that although Mississippi may tax the obligation to pay appellant for his services rendered in Tennessee, see *Fidelity & Columbia Trust Co.* v. *Louisville, supra; Farmers Loan & Trust Co.* v. *Minnesota, supra*, still, it could not tax the receipt of income upon payment of that same obligation. We can find no basis for holding that taxation of the income at the domicile of the recipient is either within the purview of the rule now established that tangibles located outside the state of the owner are not subject to taxation within it, or is in any respect so arbitrary or unreasonable as to place it outside the constitutional power of taxation reserved to the state. *Maguire* v. *Trefry, supra;* see *Fidelity & Columbia Trust Co.* v. *Louisville, supra.*

The Supreme Court of Mississippi found it unnecessary to pass upon the validity of so much of the statute, added by the amendment of 1928, as exempted domestic corporations from the tax on income derived from activities outside the state. It said that if the amendment were valid, appellant could not complain; if invalid, he would still be subject to the tax, since the act which it amended, § 11, c. 132, Laws of 1924, would then remain in full force, and under it individuals and domestic corporations are taxed alike. *Knox* v. *Gulf, M. & N. R. Co., supra.*

But the Constitution, which guarantees rights and immunities to the citizen, likewise insures to him the privilege of having those rights and immunities judicially declared and protected when such judicial action is properly invoked. Even though the claimed constitutional protection be denied on non-federal grounds, it is the province of this Court to inquire whether the decision of the state court rests upon a fair or substantial basis. If unsubstantial, constitutional obligations may not be thus avoided. See *Ward* v. *Love County,* 253 U. S. 17, 22; *Enterprise Irrigation District* v. *Canal Co.,* 243 U. S. 157, 164; *Fox River Paper Co.* v. *Railroad Commission,* 274 U. S. 651, 655. Upon one of the alternative assumptions made by the court, that the amendment is discriminatory, appellant's constitutional rights were infringed when the tax was levied upon him, and state officers acting under the amendment refrained from assessing the like tax upon his corporate competitors. See *Iowa-Des Moines National Bank* v. *Bennett,* 284 U. S. 239, 246. If the Constitution exacts a uniform application of this tax on appellant and his competitors, his constitutional rights are denied as well by the refusal of the state court to decide the question, as by an erroneous decision of it, see *Greene* v. *Louisville & Interurban R. Co.,* 244 U. S. 499, 508, 512 *et seq.; Smith* v. *Cahoon,* 283 U. S. 553, 564, for in either case the inequality complained of is left undisturbed by the state court whose jurisdiction to remove it was rightly invoked. The burden does not rest on him to test again the validity of the amendment by some procedure to compel his competitors to pay the tax under the earlier statute. *Iowa-Des Moines Nat. Bank* v. *Bennett, supra,* p. 247. See *Cumberland Coal Co.* v. *Board of Revision,* 284 U. S. 23. We therefore conclude that the purported non-federal ground put forward by the state court for its refusal to decide the constitutional question was unsubstantial and

illusory, and that the appellant may invoke the jurisdiction of this Court to decide the question.

The statute relieves domestic corporations from the tax only in so far as their income is derived from activities carried on outside the state. The appellant is thus compelled to pay a tax from which his competitors, if domestic corporations, are relieved, and this, it is urged, is so plainly arbitrary as to infringe the equal protection clause.

But, as there is no constitutional requirement that a system of taxation should be uniform as applied to individuals and corporations, regardless of the circumstances in which it operates, acceptance of this contention would relieve the appellant from the burden which rests on him to overcome the presumption of facts supporting constitutionality, which attaches to all legislative acts, and would require us to assume that there is no state of facts reasonably to be conceived which could afford a rational basis for distinguishing, for taxation purposes, between income of individuals and that of domestic corporations, derived from business carried on without the state. *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 78–79; *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357; *O'Gorman & Young* v. *Hartford Fire Ins. Co.*, 282 U. S. 251, 257–258.

What the local conditions are in Mississippi and its neighboring states with respect to businesses like the present, carried on across state lines by individuals and corporations, does not appear. How the statutory provisions now in question are related to others by which a permissible divergence in state policy with respect to the taxation of corporations and of individuals may be effected, is not shown. See *General American Tank Car Corp.* v. *Day*, 270 U. S. 367, 373; *Interstate Busses Corp.* v. *Blodgett*, 276 U. S. 245, 251; *Farmers & Mechanics Savings Bank* v. *Minnesota*, 232 U. S. 516, 529 *et seq.* We cannot say that investigation in these fields would not dis-

close a basis for the legislation which would lead reasonable men to conclude that there is just ground for the difference here made. The existence, unchallenged, of differences between the taxation of incomes of individuals and of corporations in every federal revenue act since the adoption of the Sixteenth Amendment, demonstrates that there may be.

Apart from other considerations which may have led to the present legislation as an integral part of the state system of taxation of the income of corporations, one which affords a rational basis for the distinction made, is the fact that the state has adopted generally a policy of avoiding double taxation of the same economic interest in corporate income, by taxing either the income of the corporation or the dividends of its stockholders, but not both. See §§ 5033 (a), 5033 (b) (11), 5033 (b) (8). In the case of corporate income and dividends attributable to business done outside the state and received by stockholders of domestic corporations, the stockholders are taxed, and not the corporation. That was held in *Franklin* v. *Carter*, 51 F. (2d) 345, to be a sufficient ground for upholding a statute of Oklahoma, assailed as denying the equal protection of the laws, which had substantially the same features as the present statute. See also *Conner* v. *State*, 82 N. H. 126, 132; 130 Atl. 357. The question presented thus differs from any raised in *Quaker City Cab Co.* v. *Pennsylvania*, 277 U. S. 389, and *Royster Guano Co.* v. *Virginia*, 253 U. S. 412. Compare *White River Lumber Co.* v. *Arkansas*, 279 U. S. 692.

The equal protection clause does not require the state to maintain a rigid rule of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial or which are based on discriminations not shown to be arbitrary or capricious, do not fall within constitutional prohibitions. *Ohio Oil Co.* v. *Conway*, 281

U. S. 146, 159; *Southwestern Oil Co.* v. *Texas,* 217 U. S. 114, 121; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563, 573; *State Board of Tax Commissioners* v. *Jackson,* 283 U. S. 527, 537.

*Affirmed.*

MR. JUSTICE VAN DEVANTER dissents from so much of the opinion as concerns the equal protection clause of the Fourteenth Amendment.