Argued June 7, affirmed September 25, 1968

# GROTE et ux, *Respondents, v.* STATE TAX COMMISSION, *Appellant.*

445 P. 2d 129

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Alfred B. Thomas, Assistant Attorney General.

*John R. Hay,* Portland, argued the cause for respondents. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, and Dennis F. Todd.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is a suit by a taxpayer[1] contesting a deficiency assessment of income tax. The Tax Court overruled defendant's demurrer to the complaint and entered a decree setting aside the assessment, 3 OTR Adv Sh 59. Defendant appeals.

The complaint alleges:

"I

"Plaintiff, Theo Grote, while a resident of the State of Washington, in 1939 acquired through inheritance certain farm and ranch lands situated in the State of Washington, and appraised at the time of his inheritance at a value of $33,700.

[1] For convenience we omit mention of the wife, who is also a party plaintiff.

## "II

"Plaintiff, Theo Grote, while still a resident of the State of Washington, in 1956 exchanged his above-described Washington property for a cattle ranch situated in the State of Oregon.

## "III

"Plaintiff, Theo Grote, and the other party to the above-described exchange agreed, at the time of the exchange, that the value of both the Oregon property and the Washington property was in the amount of $91,800.

## "IV

"Subsequent to the exchange described in paragraph II, plaintiff, Theo Grote, moved to and became domiciled in Oregon.

## "V

"Plaintiffs sold their Oregon ranch property in 1962, and in their Oregon income tax return for that year plaintiffs calculated and reported the amount of taxable gain from such sale by using as a basis, the value of the Washington property involved in the previous exchange; namely, $91,800.

## "VI

"After a formal hearing, defendant, in its Opinion and Order No. I-66-46, determined that plaintiffs' basis in their Oregon property for Oregon income tax purposes was $33,700, and sustained its deficiency assessment which was calculated on this amount."

The question is whether the basis for determining plaintiff's taxable gain arising from the sale of the Oregon property is $91,800, the agreed value of the Washington property in the 1956 exchange, or $33,700, the appraised value of the Washington property in 1939 when plaintiff inherited it. Defendant does not dispute the correctness of these values.

ORS 316.055 (1) imposes a tax "upon every resident of the state upon and with respect to his entire net income * * * including his entire net income from sources both within and without the state." ORS 316.055 (2) imposes a tax "upon every individual not a resident of this state upon and with respect to his entire net income * * * from all property located in the state, * * * ." Gains from dealings in property whether real or personal are included in gross income. ORS 316.105 (1).

ORS 316.260 (1) provides that gain is to be calculated by subtracting taxpayer's adjusted basis in the property, as provided by ORS 316.270, from the amount realized. ORS 316.270 describes adjusted basis as "the basis determined under ORS 316.266, adjusted as provided in this section." (Adjustments are not here relevant.) ORS 316.266 has thirteen subsections, of which the three following, together with ORS 316.281, are to be considered in determining the taxpayer's basis in this case.

ORS 316.266: *"Unadjusted basis.* The basis of property shall be as stated below:

\* \* \* \* \*

"(2) If the property was acquired by purchase after December 31, 1929, the basis shall be the cost of the property.

\* \* \* \* \*

"(6) If the property was acquired by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent the basis shall be the same as if the property had been purchased for its fair market value at the date of the death of the decedent * * *.

\* \* \* \* \*

"(8) (a) If the property was acquired after December 31, 1929, upon an exchange to which ORS 316.281 applies the basis of the property permitted

to be received under such section without the recognition of gain or loss shall be the same as that of the property exchanged * * *."

ORS 316.281 provides: "No gain or loss shall be recognized if property held for productive use in trade or business or for investment * * * is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment."

Defendant concedes that the rule of ORS 316.266 (6) making the basis of inherited property its fair market value at the date of the death of the decedent is the rule to be applied here, and, as stated, that this value was $33,700. This sum is regarded as the cost to the plaintiff of the Washington property.

Defendant contends that the case is governed by ORS 316.266 (8) (a) under which, if applicable, the Oregon property received by plaintiff in the exchange would have the same basis as the Washington property surrendered by him. For reasons presently to be stated plaintiff challenges the applicability of ORS 316.266 (8) (a) and contends that ORS 316.266 (2) is the governing statute, and, therefore, that his basis is $91,800, the cost of the Oregon property, as agreed upon by the parties in the 1956 exchange. The Tax Court sustained the plaintiff's contention.

■ Had plaintiff been a resident of Oregon at the time of the exchange or had he exchanged Oregon property for other Oregon property it is clear that ORS 316.266 (8) (a) would have controlled. The statutes involved are patterned after the Federal Internal Revenue Law and, as stated in 3A Mertens Law of Federal Income Taxation 249, § 21.96, "the aim of the revenue statutes is to recognize gains to their full extent once but not more than once and to recognize

losses in the same manner." The general theory of nonrecognition provisions such as ORS 316.266 (8) (a) and 316.281 "is that where no gain or loss is recognized as resulting from the exchanges therein referred to because the exchange is treated as merely a change of form, the new property received shall, for the purpose of determining gain or loss from a subsequent sale, be considered as taking the place of the old property given up in connection with the exchange." Id. 251, § 21.96.

■ Plaintiff raises no constitutional question and, upon the oral argument, expressly conceded the power of the state to impose a tax in accordance with the defendant's determination. But plaintiff says that the statutes do not authorize such a tax because the state could not have imposed a tax on the gain at the time of the exchange and therefore could not have refrained from recognizing such gain. As plaintiff's brief puts it, ORS 316.281 "can only apply if its provisions negative a gain which without its terms would have to be recognized at the time of plaintiffs' exchange of the two pieces of property." This view is said to be emphasized by the use of the word "permitted" in ORS 316.266 (8) (a). where it is provided that "upon an exchange to which ORS 316.281 applies the basis of the property *permitted* to be received under such section without the recognition of gain or loss shall be the same as that of the property exchanged." (Italics added.) In this instance, it is argued, the statute did not permit such nonrecognition; had there been no such statute the tax-free status of the transaction would have been no different.

■ The Tax Court in its opinion said with reference to the exchange of the properties: "Gain or loss could not have been recognized by the State of Oregon be-

cause of a lack of jurisdiction." In its brief in this court the defendant asserts that this statement is erroneous. In its brief below, however, the defendant said: "The fact that the exchange was not a taxable event in this instance because one of the parcels to the exchange by the nonresident was not located within the State of Oregon is immaterial." No authority upon this question has been cited by either side and we have found none. The appreciation in value of the Washington property all occurred while the plaintiff was a resident of Washington. It was neither income of a resident from a source without the state, ORS 316.055 (1), nor income of a nonresident from property located in the state, ORS 316.055 (2). Had the plaintiff sold his Washington property for cash and used the money to buy the Oregon ranch this undoubtedly would not have been a "taxable event" in this state. That he used the Washington property instead as the medium of payment did not make it so. We think the defendant's concession in the Tax Court was warranted, and that, in the sense of want of statutory authority, this state was without jurisdiction to tax plaintiff's gain from the transaction.

If this be so, and if plaintiff's construction of the nonrecognition statutes is correct, it would follow that the basis to be employed is the cost of the Oregon property as prescribed by ORS 316.266 (2). Defendant has not attempted to answer the contention that the nonrecognition statutes have no application to an exchange of properties which would be nontaxable without regard to those statutes. We cannot avoid the conclusion that the construction is sound—that the Oregon property was not "permitted to be received under [ORS 316.281] without the recognition of gain or loss," ORS 316.266 (8) (a), but, rather, that plaintiff ac-

quired the property tax free because there was no statutory authority in Oregon to impose a tax.

The only case with similar facts cited is *Sweetland v. Franchise Tax Board,* 192 Cal App 2d 316, 13 Cal Rptr 432, which is, to some extent, relied on by the defendant. The case involved an exchange of corporate stock and the application of the Federal Internal Revenue statutes (which have been adopted in California by reference) to such an exchange made pursuant to a plan of corporate reorganization. There is substantial difference in the wording of the Federal nonrecognition provisions there involved and those of this state—enough difference to make the case distinguishable.

We have considered the defendant's argument that the result we reach is discriminatory in favor of nonresidents and against Oregon taxpayers. Faced with what may seem to some an undesirable result, it is, nevertheless, as the court said in *Forstmann v. Rogers,* 128 F2d 126, 129 (3d Cir), "our duty to give effect to the language used." That was an income tax case under the Federal law which the court felt bound to decide against the government because it was dealing "with a wholly unprovided case which Congress might have covered but did not." This also seems to be an "unprovided case."

We think that the Tax Court was right in holding that the plaintiff's basis for determining his income tax for the year 1962 was $91,800 and, accordingly, the decree is affirmed.

No costs or disbursements will be allowed.