# F. EDWIN DENNISTON
# and ANNE L. DENNISTON
## *v.*
# DEPARTMENT OF REVENUE

F. Edwin Denniston, Lake Oswego, one of the plaintiffs, appeared in propria persona.

Ira W. Jones, Senior Assistant Attorney General, Salem, represented defendant.

Decision in part for plaintiff and in part for defendant rendered August 28, 1978.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed from the defendant's Order No. I 77-41, dated October 28, 1977, assessing a deficiency in plaintiffs' personal income tax for the tax year 1974. The facts have been stipulated by the parties and the case submitted on briefs.

In 1961, plaintiffs sold their personal residence, located in Belmont, California. A gain of $2,755 was realized which was not recognized for federal income tax purposes because plaintiffs purchased and occupied a new residence located in Palo Alto, California, within the time prescribed by the Internal Revenue Code of 1954, § 1034. In 1967, plaintiffs sold their home in Palo Alto, California, and moved to Lake Oswego, Oregon. An additional gain of $3,049 was realized on the sale of the Palo Alto residence, which gain was not recognized for federal income tax purposes because plaintiffs purchased and occupied a new residence in Lake Oswego within the time prescribed by the Internal Revenue Code of 1954, § 1034.

The original purchase price of the plaintiffs' Lake Oswego home was $38,500. They later made improvements to the home at a total cost of $5,288, making the total cost of the property to the plaintiffs $43,788. Pursuant to the provisions of the Internal Revenue Code, plaintiffs' basis in the Lake Oswego residence was adjusted by subtracting the unrecognized gains from the sale of their two California residences from the cost of the Lake Oswego residence. This resulted in an adjusted federal basis of the Lake Oswego home of $37,984. IRC (1954), § 1034(e); Treas Reg § 1.1034-1(e).

In November 1974, plaintiffs sold their first Lake Oswego residence for $63,117. They then purchased a second residence in Lake Oswego for $38,500. Since the adjusted purchase price of the second Lake Oswego residence was less than the selling price of the first Lake Oswego residence, plaintiffs were not eligible to defer further the recognition, for federal income tax purposes, of the gain realized on the sales of the California houses and the first Lake Oswego residence. IRC (1954), § 1034(a). On their 1974 federal income tax return, plaintiffs deducted the adjusted basis of their first Lake Oswego home from its sale price and reported a gain of $25,133. Of this gain, 50 percent ($12,567) was properly included in their federal taxable income for 1974. IRC (1954), § 1202.

■ In 1969, Oregon radically revised its personal income tax law to make it "identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax * * *." ORS 316.007. The entire taxable income of a resident of this state is his federal taxable income, as defined in the Internal Revenue Code of 1954, § 63, subsections (a) and (b), with certain modifications, additions and subtractions provided by statute. ORS 316.022(5), 316.062 and 316.067 (1973 Replacement Part). Accordingly, the first line on the Oregon personal income tax return,

used in the calculation of the required tax, requires the transfer from the taxpayer's federal return to the Oregon return of the "federal adjusted gross income."

On their 1974 Oregon personal income tax return, without statutory sanction, plaintiffs modified their adjusted gross income as reported for federal purposes by subtracting therefrom the amount of $2,902. This modification represented 50 percent of the $5,804 in gains realized from the sale of their two former California homes which had been subtracted from the cost of the first Lake Oswego residence in computing its basis for federal income tax purposes.

The Department of Revenue's auditor disallowed this modification of plaintiffs' federal adjusted gross income. The auditor determined that the basis of the first Lake Oswego residence for Oregon income tax purposes was the same as its basis for federal income tax purposes, relying on ORS 316.007, 316.012, 316.022(5), 316.062 and 316.067 (1973 Replacement Part).

Plaintiffs argue that the gains realized on the sale of their two California residences were realized before they became Oregon residents and that it is therefore improper for Oregon to attempt to tax those gains. They assert that defendant's attempt to impose a tax on the gains violates the Due Process Clause of the Fourteenth Amendment to the U. S. Constitution. Plaintiffs urge that the court overrule its prior decision in *Patty v. Dept. of Rev.,* 5 OTR 332 (1973), in which this court determined that the State of Oregon did have jurisdiction to tax a gain upon the sale of an out-of-state residence when recognition of that gain was deferred for federal income tax purposes and was used to adjust the basis of an Oregon residence.

For the reasons stated below, the court finds it unnecessary to consider either the constitutional issue or to overrule its prior decision in *Patty v. Dept. of Rev., supra.*

As to the gain plaintiffs realized in 1961 upon the sale of their residence located in Belmont, California, the court is of the opinion that it is improper for the Department of Revenue to attempt to collect a tax on that gain upon the sale of plaintiffs' first Lake Oswego residence in 1974. ORS 314.290 provides:

> "For tax years beginning on and after January 1, 1957, where laws relating to taxes imposed upon or measured by net income make provision for deferral of tax recognition of gain upon the voluntary or involuntary conversion or exchange of tangible real or personal property, such provisions shall be limited to those conversions or exchanges where the property newly acquired by the taxpayer has a situs within the jurisdiction of the State of Oregon."*

■ Giving effect to the plain meaning of the above-quoted statute, the gain realized by plaintiffs upon the sale of their Belmont, California, residence would not be deferred for Oregon income tax purposes and would not result in an adjustment to the basis of their first Lake Oswego residence because "the property newly acquired by the taxpayer" did not have a situs within the jurisdiction of the State of Oregon. Rather, the property newly acquired by the taxpayer in that situation was located in Palo Alto, California. Consequently, the gain on the sale of the Belmont, California, residence, although deferred for federal purposes, was not taxable in Oregon upon the sale of plaintiffs' first Lake Oswego residence in 1974.

■■ As to the gain realized when plaintiffs sold their Palo Alto residence in 1967, the court finds that plaintiffs were Oregon residents when they realized that gain. A letter from the Valley Title Company of Santa Clara County, which accompanied a check for $17,178.61 representing the net proceeds to the plaintiffs from the sale of their Palo Alto residence, is attached to the amendment to the stipulation of facts filed by the parties in this suit. This letter, dated

---

*The substance of this statute was placed in ORS 316.067(1)(f) and (2)(e) by Or Laws 1973, ch 88, § 1.

August 30, 1967, is addressed to the plaintiffs and shows an address in Lake Oswego, Oregon. Since this letter was sent to the plaintiffs in Oregon along with the check representing the proceeds from the sale, it was impossible for the plaintiffs to have received the letter until they arrived in Oregon and had become domiciliaries thereof. The parties have stipulated that the plaintiffs are cash basis taxpayers. Consequently, they realized the gain from the sale of their Palo Alto residence after they settled in Oregon and received the check enclosed in that letter. The State of Oregon had jurisdiction in 1967, based on domicile, to impose a tax upon the gain plaintiffs realized upon the sale of their Palo Alto residence. (See decisions relating to taxability based on domicile: *Curry v. McCanless,* 307 US 357, 59 S Ct 900, 83 L Ed 1339, 123 ALR 162 (1939); *Lawrence v. State Tax Commission,* 286 US 276, 52 S Ct 556, 76 L Ed 1102, 87 ALR 374 (1932); *Arnold v. Dept. of Rev.,* 7 OTR 485 (1978).) Having had jurisdiction in 1967 to impose a tax on that gain, it was within the power of the State of Oregon to defer recognition of that gain in 1967 until a later time.

Plaintiffs elected to purchase another home with the proceeds of the Palo Alto sale and thus were able to defer the gain until the sale of plaintiffs' first Lake Oswego residence in 1974, for federal income tax purposes and for Oregon income tax purposes because of Oregon's adoption of federal taxable income as the basis for its personal income tax. The legislative intent is clear. The State of Oregon may properly adjust the basis of plaintiffs' first Lake Oswego residence by subtracting from the cost of that residence the gain plaintiffs realized upon the sale of their Palo Alto, California, residence.

The Department of Revenue's Order No. I 77-41, dated October 28, 1977, is modified in accordance with this decision.

Each party shall bear its own costs.