## F. EDWIN DENNISTON
## and ANNE L. DENNISTON
### *v.*
## DEPARTMENT OF REVENUE

F. Edwin Denniston appeared on his own behalf.

Ira W. Jones, Senior Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered November 16, 1978.

CARLISLE B. ROBERTS, Judge.

The court's initial decision in this case involved the State of Oregon's power to tax the gains realized by plaintiffs on the sale of two California residences (in Belmont and Palo Alto), where recognition of those gains was deferred, pursuant to IRC (1954), § 1034, until after plaintiffs were domiciled in Oregon. Plaintiffs argued that Oregon lacked the power to tax the gains because they realized those gains before moving to Oregon. This court held that Oregon was prohibited from taxing the gain on the sale of the first California home (in Belmont) under ORS 314.290. However, the court held that Oregon did have the power to tax the gain on the second sale (Palo Alto) because the facts stipulated before the court indicated that plaintiffs received the proceeds from the gain on that sale after becoming domiciled in Oregon.

Pursuant to Rule 29 of this court, plaintiffs petitioned for a rehearing for the purpose of adducing testimony relating to the time of receipt of proceeds from the Palo Alto sale. That petition was approved. On rehearing, plaintiffs produced evidence which established that the proceeds from the sale of their Palo Alto residence were hand delivered to them in Palo Alto on August 30, 1967. Plaintiffs then deposited these proceeds in a California bank. (At the first hearing, it was stipulated that plaintiffs did not become domiciled in Oregon until September 7, 1967.)

Plaintiffs requested that the court reconsider its original decision in light of these facts.

The court now finds that the basis of its original decision is incorrect in that plaintiffs in fact were not Oregon domiciliaries at the time they received the proceeds and realized the gain on that sale. However, for reasons set forth below, the court's decision remains unchanged because the State of Oregon had jurisdiction to tax the gain attributable to the Palo Alto sale.

■ As this court made clear in *Patty v. Dept. of Rev.,* 5 OTR 332 (1973), a taxpayer's Oregon personal income taxes depend not so much on the origin or nature of the gain, but upon what is included in federal taxable income for the tax year in question.[1] *Patty, supra,* at 339-340; ORS 316.062 (1973 Replacement Part) (now ORS 316.048). Applying *Patty* and the statutory language of ORS 316.062 (1973 Replacement Part) to the facts in this case necessitates the conclusion that plaintiffs are not entitled to avoid recognition of the Palo Alto gain for Oregon income tax purposes. The Dennistons finally reported and recognized the deferred Palo Alto gain for 1974 federal income tax purposes when they purchased a new residence which did not allow them to utilize the deferred recognition provisions of IRC (1954), § 1034. Therefore, that gain, since it was included as federal taxable income, should also have been recognized for Oregon income tax purposes. ORS 316.062 (1973 Replacement Part).

■ Plaintiffs also challenge Oregon's power to tax the Palo Alto gain on constitutional grounds. This

---

[1] Oregon is not alone in this regard. Thirty-nine states use some form of the Internal Revenue Code to compute state taxable income. State Tax Review (CCH), Vol 37, No 35, at 1 (August 31, 1976). *See, e.g., Hardy v. State Tax Comm'r,* 258 NW2d 249, STC Rep (CCH) ¶ 250-201 (ND 1977); *Evans v. Comptroller,* 273 Md 172, 328 A2d 272, 7 STC (CCH) ¶ 250-286 (1974); *Shangri-La, Inc. v. State,* 113 NH 440, 309 A2d 285, 7 STC (CCH) ¶ 250-194 (1973); *Marco Associates, Inc. v. Comptroller,* 265 Md 669, 291 A2d 489, 7 STC (CCH) ¶ 250-093 (1972); *Katzenberg v. Comptroller,* 263 Md 189, 282 A2d 465, 7 STC (CCH) ¶ 250-059 (1971).

challenge is without merit. As in *Patty, supra,* the State of Oregon had, for income tax purposes, the strongest connection with the taxpayers in 1974; *i.e.,* domicile. Plaintiffs were domiciled in Oregon when they "elected," by their noncompliance with IRC (1954), § 1034, to recognize the deferred gain on the Palo Alto sale. The United States Supreme Court has often recognized that domicile alone provides the state with the power to tax its citizens on net income derived wholly from activities carried on outside the state. *Miller Bros. Co. v. Maryland,* 347 US 340, 74 S Ct 535, 98 L Ed 744 (1954); *Guaranty Trust Co. v. Virginia,* 305 US 19, 59 S Ct 1, 83 L Ed 16 (1938); *New York ex rel. Cohn v. Graves,* 300 US 308, 57 S Ct 466, 81 L Ed 666, 108 ALR 721 (1937); *Lawrence v. State Tax Commission,* 286 US 276, 52 S Ct 556, 76 L Ed 1102, 87 ALR 374 (1932); *Maguire v. Trefry,* 253 US 12, 40 S Ct 417, 64 L Ed 739, 4 AFTR 4738 (1920).

■ Contrary to plaintiffs' contentions, the State of Oregon will not, by taxing the gain on the sale of the Palo Alto residence, be engaging in "double taxation."[2] ORS 316.082 was specifically enacted to alleviate "double taxation"; it allows plaintiffs a credit for any income taxes imposed by the State of California on the Palo Alto sale. *See Keyes v. Chambers et al,* 209 Or 640, 662, 307 P2d 498, 508 (1957). Further, Oregon treated the plaintiffs like all other residents in 1974, all being uniformly required to use their respective federal taxable income as the starting point for computing their Oregon taxable income. Consequently,

---

■ [2] Plaintiffs apparently believe that the taxation of a specific gain by more than one state constitutes "double taxation." Pl Supp Memo of Law, 5; Pl Pre-Trial Memo, 21. This is not true. Double taxation exists and is forbidden only where the same tax is imposed by the same taxing authority upon the same subject matter. *See e.g., Associated Home Builders v. City of Walnut Creek,* 4 Cal3d 633, 94 Cal Rptr 630, 484 P2d 606, 43 ALR3d 847 (1971); *Second St. Property v. Fiscal Court of Jefferson Cy.,* 445 SW2d 709 (Ky 1969); *Spencer v. Snedecker,* 361 Pa 234, 64 A2d 771 (1949); *Diefendorf v. Gallet,* 51 Idaho 619, 10 P2d 307 (1932); *State v. Ingalls,* 18 NM 211, 135 P 1177 (1913).

Obviously, in the present case, no double taxation exists, in its legal sense, since California and Oregon are separate taxing entities.

there was no violation of the equal protection, uniform taxation, or privileges and immunities clauses of the United States Constitution, nor any violation of the taxpayers' right to travel.[3]

██ Plaintiffs' interpretations of what the legislature intended by adopting the Personal Income Tax Act of 1969 (Or Laws 1969, ch 493, now ORS chapter 316), by which the legislature sought to make the Oregon personal income tax law, so far as possible, identical in effect to the provisions of the federal Internal Revenue Code of 1954, are appealing and not without merit. However, such contentions are more appropriately directed to the legislature. The current statutory provisions are sufficiently clear and unambiguous in this instance. ORS 316.062 (1973 Replacement Part) not only states the general rule that an Oregon taxpayer's taxable income is determined by reference to his federal taxable income, but it also states that any exceptions to this general rule are those modifications, additions, and subtractions explicitly provided for by statute. None of the statutory exceptions apply in this case, and it is not the role of a court to create additional modifications, additions or exceptions at its discretion.

The court concedes plaintiffs' argument that the Oregon Supreme Court has twice recognized that federal taxable income will not always be synonymous with state taxable income. *Smith v. Dept. of Rev.,* 270 Or 456, 528 P2d 73 (1974); *Christian v. Dept. of Rev.,* 269 Or 469, 526 P2d 538 (1974). Our decision today is not to the contrary. In both of the cases cited, the Oregon Supreme Court found that the taxpayer's Oregon taxable income was not the same as his federal taxable income, even though none of the express

---

[3] In addition to the U. S. Supreme Court decisions listed above, *see, e.g., Commonwealth v. Westinghouse Elec. Corp.,* 478 Pa 164, 386 A2d 491 (1978); *Hillstrom v. Minn. Comm'r of Rev.,* —— Minn ——, 270 NW2d 265, STC Rep (CCH) ¶ 250-242 (1978); *Hardy v. State Tax Comm'r, supra,* n 1; *Shangri-La, Inc., supra,* n 1; *Herndon v. West,* 87 Idaho 335, 393 P2d 35 (1964).

statutory modifications, additions or subtractions in ORS chapter 316 affected the taxpayer's position in the respective cases. This court acknowledges the decisions in *Smith* and *Christian, supra,* but believes that those cases are both limited to their facts. In both cases, the tax year at issue was during the "transition" period, immediately after passage of the Personal Income Tax Act of 1969 when the Oregon law was in a state of flux. These cases do not offer this court sufficient guidance to enable it to ignore the express statutory provisions in ORS chapter 316 and to create an unwritten exception to the general rules spelled out in ORS 316.062 (1973 Replacement Part).

The court's former decision herein is modified to conform with this decision. Plaintiffs' deferred gain of the Belmont residence sale is not taxable by Oregon because of ORS 314.290. The deferred gain on the Palo Alto sale is taxable, pursuant to the *Patty* decision, *supra.* Plaintiffs are entitled to credit against tax pursuant to ORS 316.082 for any tax paid to California on the Palo Alto gain.

Defendant is awarded its statutory costs.