STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-01
PAF - YOR- 2/2/2004

FRANK A. SMITH and
ARLINE L. SMITH,

Petitioners

v.

STATE TAX ASSESSOR,

Respondent

ORDER
AND
DECISION

DONALD L. GARRECHT
LAW LIBRARY

FEB 6 2004

Through July 1, 1998 Frank Smith and Arline Smith were residents of the Commonwealth of Massachusetts. While residing in Massachusetts they made substantial contributions to Individual Retirement Accounts (IRA) and Simplified Employee Pension Accounts (SEP). Under federal income tax laws their taxable income was reduced by the amount of the contributions in the year they were made and the tax on those amounts was deferred until such time as the funds were distributed to them. However, under Massachusetts law they were required to pay state income taxes on the funds contributed to the IRA and SEP accounts in the years of the contributions.

After becoming Maine residents they received distributions from those accounts in 1999 and 2000. Those distributions were taxable under federal law. When the Smiths filed their Maine state income tax returns as Maine residents for the years 1999 and 2000 they included a proposed modification from their federal tax return figures to reflect that they had already paid taxes to Massachusetts on these funds. These modifications were disallowed. The Smiths have taken the allowed internal appeals within the Maine

Revenue Service and have filed a five-count complaint with the Superior Court when their attempts to change the Maine Revenue Service's position failed.

Normally tax decisions are reviewed through a *de novo* hearing and a *de novo* determination of the merits of the case. *See* 36 M.R.S.A. §151. However, the parties have agreed upon the facts of the case, have prepared a stipulated record and are submitting the case for a *de novo* determination of the merits of the case based on the record and written and oral argument.

Under Maine law, "The Maine taxable income of a resident individual is equal to the individual's federal adjusted gross income as defined by the Code with the modifications and less the deductions and personal exemptions provided in the chapter." *See* 36 M.R.S.A. §5121. There are a series of allowed modifications, which reduce Maine taxable income, which are listed at 36 M.R.S.A. §5122(2). None of those modifications apply to the facts of the current case. There are no income taxes imposed by Massachusetts which are included in the federal adjusted gross income for 1999 or 2000. 36 M.R.S.A. §5132(2)(F). Therefore, under Maine law, the modifications that the plaintiffs proposed to their federal adjusted gross income are not allowed as one must interpret statutes based on what they actually state.

Maine law does authorize a number of tax credits which are set forth at Title 36, Chapter 22. *See* 36 M.R.S.A. §§5215-*et seq.* There is a credit for the amount of income tax imposed on the taxpayer by another state. *See* 36 M.R.S.A. §5217-A. That credit is, however, limited to, "...the amount of income tax imposed on that individual for the taxable year by another state of the United States ...." This credit does not help the Smiths as they paid taxes to Massachusetts on their IRA and SEP accounts in years that preceded the taxable years of 1999 and 2000 which are at issue here. Under the Maine statutes the Executive Director of the Maine Revenue Services was correct in his

2

decision of December 9, 2002 which disallowed the proposed modifications for tax years 1999 and 2000.

The remaining questions are whether the decision of the Maine Revenue Services was constitutional and whether it was fair.

Because the taxes in Massachusetts and in Maine were imposed for different years by different taxing authorities, double taxation does not exist as it is legally defined. Even if it was as Justice Brandeis stated, "To this it is sufficient to say that the 14th Amendment does not prohibit double taxation, "*Cream of Wheat Co. v. County of Grand Forks*, 253 U.S. 325, 330, 64 L.Ed 931, 934 (1920).

The Smiths have also argued that to tax them in Maine for distributions upon which they had already paid taxes in Massachusetts in the year of the contribution would violate the federal full faith and credit provision. That constitutional provision, found at Article IV, Sect. 1, states, "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State ...." There is nothing in the Maine decision that interfered with the Massachusetts decision to tax in the year that the income was earned and the contribution made. In the 1882 Supreme Court of the United States case *Bonaparte v. Appeal Tax Court of Baltimore City*, 104 U.S. 592, 26 L.Ed 845 (1882), the then Chief Justice of the United States stated, "The question we are asked to decide in this case is, whether the registered public debt of one State, exempt from taxation by the debtor State, or actually taxed there, is taxable by another State when owned by a resident of the latter State. We know of no provision of the Constitution of the United States which prohibits such taxation." The Court noted that, "No State can legislate except with reference to its own jurisdiction. One State cannot exempt property from taxation in another."

None of the other constitutional arguments have merit. There is no commerce clause violation, see *New York ex rel. Cohn v. Graves*, 300 U.S. 308, 315 (1937) and *Lawrence v. State Tax Commission*, 286 U.S. 276, 280-1 (1932).

The final question is whether this result is fair. This is not a question for the courts. We have a legal and fully constitutional result. Individuals will differ as to what they believe is fair and almost every person will find some law, particularly tax laws, which she or he believes to be unjust. These are political, philosophical and ethical questions which cannot be resolved in a Superior Court.

The entry is:

> The Superior Court determines *de novo* on an agreed statement of facts that Frank A. Smith and Arline L. Smith are not entitled to income modifications to their 1999 and 2000 Maine income tax returns for the amount of their IRA or SEP account distributions during either of those tax years. Judgment for the defendant on the complaint.

Dated: February 2, 2004

Paul A. Fritzsche
Justice, Superior Court

PETITIONERS:
FRANK A. SMITH
ARLINE L. SMITH
PO BOX 1724
OGUNQUIT ME 03907


RESPONDENT:
STANLEY W PIECUCH AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

4