Argued April 1, affirmed in part; reversed in part
November 21, 1974

SMITH ET UX, *Appellants, v.* DEPARTMENT
OF REVENUE, *Respondent.*
528 P2d 73

*James H. Lewelling,* Newport, argued the cause and filed a brief for appellants.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

BRYSON, J.

Plaintiffs appeal from a decision of the Tax Court affirming a personal income deficiency assessed against the plaintiffs for the 1970 calendar tax year. *Smith v. Dept. of Rev.,* 5 OTR 249 (1973).

From 1957 through 1961 plaintiffs were residents of Alaska and during this period owned and operated a shrimp cannery. Plaintiffs leased shrimp peeling machines from a corporation and subsequently discovered they were charged a higher lease rental for the machinery than other like lessees, in violation of the Federal Anti-Trust Laws. As a result of a suit filed in federal court, plaintiffs, in 1966, received a treble damage judgment against the lessors based on the above facts. The defendant corporation was financially unable to satisfy the judgment and a settlement was reached whereby plaintiffs would receive installment payments amounting to the actual lease overcharges, together with interest.

Plaintiffs were not Oregon residents when they made the excessive lease payments. The plaintiffs, under the judgment settlement, were to receive six annual installment payments, including the one for 1970 involved herein. The installment payments received by the plaintiffs were not segregated to show how much

represented interest or how much represented payment for lease overcharges. At the time of trial plaintiffs conceded that they should pay income taxes on that portion of the 1970 installment payment that represented interest.

Plaintiffs became Oregon residents in 1967 and have filed Oregon tax returns annually since that date. Defendant conceded that the installments received by plaintiffs for the years 1967 and 1968, other than interest, were not taxable by Oregon under the Personal Income Tax Act of 1953. Following adoption of the Personal Income Tax Act of 1969, ORS ch 316, plaintiffs filed a copy of their federal tax return with their Oregon tax return. Based on the federal tax return, the Oregon Department of Revenue made the tax assessment for the year 1970 which is contested in this case.

The issue in this case is whether the payment on the judgment settlement received as lease overcharges by plaintiffs in 1970 is taxable income for Oregon income tax purposes.

ORS 316.062 states:

"The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

None of the express modifications, additions or subtractions in ORS chapter 316 affect plaintiffs' position in this case.

The Department of Revenue contends that "[i]n the absence * * * of any express manifestation by the Oregon legislature to exclude from 'federal tax-

able income' specific items includible in a resident's 'federal taxable income', taxpayers [sic] state income is measured solely by such federal taxable income."

Plaintiffs argue that "the recovery of the overcharge is not taxable income for Oregon taxation purposes" in that "it resulted in no tax benefit as far as Oregon is concerned."

In *Christian v. Dept. of Rev.*, 269 Or 469, 526 P2d 538 (1974) (decided after this case was argued), we stated:

> "ORS ch 316 had as its basic goal the incorporation of all the provisions of the federal Internal Revenue Code with regard to the measurement of personal taxable income. As a result of this incorporation *generally* the taxpayer's federal taxable income will be the same as his state taxable income. ORS 316.062. *However, incorporation does not mean that state taxable income will be identical with federal taxable income in all cases.*" (Emphasis ours.)

The installment payment received by plaintiffs is *federal* taxable income because it was previously used to obtain a *federal* tax benefit as a deduction from *federal* gross income. The principle which includes such recoveries into gross income is that the recovery of property which was once the subject of a deduction from gross income is income, but only in regard to the respective taxing entity from which the benefit of the deduction was obtained. *Alice Phelan Sullivan Corporation v. United States,* 381 F2d 399, 180 Ct Cl 659 (1967). Since plaintiffs took no deductions on previous Oregon income tax returns, the reason for classifying the refunds as income for the purpose of the federal tax return is not present. This case is another illustration of our holding in *Christian v. Dept. of Rev.,*

*supra,* that federal taxable income should not be synonymous per se with state taxable income. Under federal tax law if, as here, the taxpayer had not deducted the overcharge in his previous return, the refunds would not be taxable pursuant to the rule established in *Alice Phelan Sullivan Corporation v. United States, supra.* For the same reason, the refund should not be taxable in Oregon. Whether or not plaintiffs were taxed in Alaska for receipt of the installment payment is irrelevant to the case at bar.

Although the definition of income is a dynamic concept subject to changes and modifications, see 1 Mertens, Law of Federal Income Taxation §§ 5.02-5.13 (rev 1969), the installment payment received by plaintiffs when residing in Oregon does not fall within any current definition of income. The only basis on which taxation on plaintiffs' installment payment in the present case can be justified is on the theory that plaintiffs' taxable income is to be regarded as identical to their taxable income for federal income tax purposes, irrespective of why the taxpayer is subject to tax under federal law. This view was rejected in *Christian v. Dept. of Rev., supra.*

For these reasons plaintiffs are liable to pay income taxes on that part of the installment payment which represents interest but are not liable to pay taxes on the remainder of the installment payment received by them when they were residents of Oregon.

Affirmed in part; reversed in part.

McAllister, J., dissents.