Submitted on briefs June 1, reversed October 30, 1979

# DENNISTON, et ux,
## *Appellants,*
### *v.*
# DEPARTMENT OF REVENUE,
## *Respondent.*
## (No. TC 1210, SC 26002)

601 P2d 1258

James A. Redden, Attorney General, and Ira W. Jones, Assistant Attorney General, Salem, for respondent.

PETERSON, J.

## PETERSON, J.

This is an appeal by plaintiffs (referred to herein as "taxpayers") from an order of the Tax Court upholding a deficiency assessment of the Department of Revenue. The issue is whether the taxpayers are liable for Oregon income tax on gains *realized* from the sale of their California home while taxpayers lived in California, but not *recognized*[1] for federal income tax purposes until after taxpayers moved to Oregon. The Tax Court held[2] that taxpayers were liable for Oregon tax on the gain realized in California.

### THE FACTS

The relevant facts, somewhat simplified for clarity, are:

Taxpayers (husband and wife) lived in California. In 1967 they sold their California residence and realized a gain of $3,049 on the sale. They received the proceeds before becoming Oregon residents. Thereafter, taxpayers moved to Oregon and invested their gain in a home in Lake Oswego. Taxpayers elected to defer payment of federal tax on the capital gain under section 1034 of the Internal Revenue Code of 1954.[3]

---

[1] "* * * Under the federal laws, the terms 'realization' and 'recognition' are not synonymous. 'Realization' for federal income tax purposes occurs when the taxpayer received actual economic gain from the disposition of property. *See Helvering v. Horst*, 311 U.S. 112, 115, 61 S. Ct. 144, 85 L. Ed. 75 (1940). It is when the taxable event occurs which gives rise to actual economic gain. 'Recognition,' on the other hand, refers only to the time when the tax itself becomes due and payable. Ordinarily, these two events occur simultaneously, but this does not alter the fact that the two terms have distinct and different meanings." *S.R.G. Corp. v. Department of Revenue*, 365 So 2d 687, 689 (Fla 1978).

[2] *Denniston v. Dept. of Revenue*, 7 OTR 496, *modified and aff'd on rehearing*, 7 OTR 526 (1978).

[3] I.R.C. § 1034(a), in effect at all times involved herein, provides:

"(a) If property (in this section called 'old residence') used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called 'new residence') is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence."

In 1974, taxpayers sold their Lake Oswego home and purchased a second residence for a lesser amount. Since the purchase price of the second Lake Oswego residence was less than the selling price of the first Lake Oswego residence, the taxpayers were not eligible to further defer the taxation for federal purposes of the gains realized from the sale of the California home.[4]

On their 1975 federal income tax return, taxpayers included the gain realized from the sale of the California property. On their Oregon income tax return, they did not. The Department of Revenue made a deficiency assessment, disallowing taxpayers' exclusion of the 1967 California gain. Following unsuccessful administrative review, taxpayers appealed to the Oregon Tax Court and following adverse rulings there, to this court.

The question presented is one of first impression in this court, and our research has found no case "on all fours" from any appellate court of any other state.

### TAXPAYERS' CONTENTIONS
Taxpayers contend:

"1. It was not the intent of the Oregon Legislature to limit the permissible modifications to federal taxable income solely to those specified in chapter 316 ORS.

"2. A modification in the federal basis of an Oregon residence for the purpose of eliminating previously nonrecognized gains realized from the sale of a former out-of-state residence is authorized under ORS 316.047.

"3. Gains realized, but not recognized, from the sale of a former out-of-state principal residence are excludable from a resident's Oregon taxable income upon a subsequent taxable sale of an Oregon residence on the grounds that no Oregon tax benefit was derived

---

[4] I.R.C. § 1034(a).

as a result of the deferral of such out-of-state gains from taxation.

"4. The basis adjustment required for federal purposes under section 1034(e) of the Internal Revenue Code results in a mere postponement of the federal tax liability, and, as such, does not constitute a deferral of the realization of the gain giving rise to the basis adjustment.

"* * * * *.

"7. The inclusion within Oregon taxable income of amounts attributable to gains arising from the sale or exchange of a previous out-of-state residence constitutes a taking of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution."

CONTENTIONS OF DEPARTMENT OF REVENUE

The Department of Revenue contends:

1. Domicile alone provides the state with the power to tax its citizens on net income derived wholly from activities carried on outside the state.

2. The intent of the Oregon Legislature, in enacting the Personal Income Tax Act of 1969, was to base the Oregon income tax on "taxable income" as defined in the Internal Revenue Code of 1954, and as entered on the taxpayers' federal income tax return.

3. A state can tax income which accrued but was not realized prior to the taxpayers' move to Oregon.

4. The entire taxable income of a resident is the federal taxable income, as defined in the Internal Revenue Code, with the modifications, additions and subtractions provided in ORS chapter 316. This court cannot create modifications other than those specified in ORS chapter 316.

DISCUSSION

Most courts agree that a state can tax income paid to and received by residents even though the work

performed to earn the income was performed before they became residents. *See, e. g., Lawrence v. State Tax Comm.*, 286 US 276, 52 S Ct 556, 76 L Ed 1102 (1932); *Hardy v. State Tax Com'r*, 258 NW2d 249 (ND 1977); Annot., 87 ALR 380 (1933). A state can tax income received as installment payments subsequent to the effective date of a "conformity" tax law, but arising from a sale of real property completed prior to that date. *Tiedemann v. Johnson,* 316 A2d 359 (Me 1974). It is also within the power of a state to tax accrued gains arising from appreciation in value of property which occurred prior to the effective date of a tax law, when the gain is actually received after the tax law went into effect. *MacLaughlin v. Alliance Ins. Co.,* 286 US 244, 250, 52 S Ct 538, 76 L Ed 1083 (1932); *Shangri-La, Inc. v. State*, 113 NH 440, 309 A2d 285 (1973).[5]

The Department of Revenue reasons: A state can tax the income of a resident earned outside the state; a state can tax income of nonresidents earned within the state; and the state can tax income which accrued before the taxpayer became a resident, but which was received after the taxpayer acquired residence in the state; therefore the state can tax the gains involved herein. The propositions upon which the state relies are correct, but its conclusion does not follow.

No court ruling has imposed income tax on earnings of a nonresident which were realized prior to the taxable year of the nonresident's move to the taxing state. And we have found no case in which a state has even attempted to impose a tax on earnings which were realized in tax years prior to the move to the state.

---

[5] *See also Altsuler v. Peters*, 190 Neb 113, 206 NW2d 570 (1973); *Katzenberg v. Comptroller*, 263 Md 189, 282 A2d 465 (1971); *Kellems v. Brown*, 163 Conn 478, 313 A2d 53 (1972), *appeal dismissed* 409 US 1099, 93 S Ct 911, 34 L Ed 2d 678 (1973); *Marco Associates, Inc. v. Comptroller*, 265 Md 669, 291 A2d 489 (1972); *Olvey v. Collector of Revenue*, 233 La 985, 99 So 2d 317 (1957).

Judge Roberts, in his first opinion below, summarized the Personal Income Tax Act of 1969 as follows:

"In 1969, Oregon radically revised its personal income tax law to make it 'identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax * * *.' ORS 316.007. The entire taxable income of a resident of this state is his federal taxable income, as defined in the Internal Revenue Code of 1954, § 63, subsections (a) and (b), with certain modifications, additions and subtractions provided by statute. ORS 316.022(5), 316.062 and 316.067 (1973 Replacement Part). Accordingly, the first line on the Oregon personal income tax return, used in the calculation of the required tax, requires the transfer from the taxpayer's federal return to the Oregon return of the 'federal adjusted gross income.' " 7 OTR at 498-99.[6]

ORS 316.048 provides:

"The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

A literal application of ORS 316.048 results in the imposition of tax. The Tax Court ruled:

"As this court made clear in *Patty v. Dept. of Rev.*, 5 OTR 332 (1973), a taxpayer's Oregon personal income taxes depend not so much on the origin or nature of the gain, but upon what is included in federal taxable income for the tax year in question. *Patty, supra,* at 339.340; ORS 316.062 (1973 Replacement Part) (now ORS 316.048). Applying *Patty* and the statutory language of ORS 316.062 (1973 Replacement Part) to the facts in this case necessitates the conclusion that plaintiffs are not entitled to avoid recognition of the Palo Alto gain for Oregon income tax purposes. The Dennistons finally reported and recognized the deferred Palo Alto gain for 1974 feder-

---

[6] As of 1976, 39 states used some form of the Internal Revenue Code to compute state taxable income. [1976] 37 State Tax Rev (CCH) No. 35, at 1.

al income tax purposes when they purchased a new residence which did not allow them to utilize the deferred recognition provisions of IRC (1954), § 1034. Therefore, that gain, since it was included as federal taxable income, should also have been recognized for Oregon income tax purposes. * * *" (Footnote omitted.) 7 OTR at 528.

However, the legislature recognized, when the Personal Income Tax Act of 1969 was enacted, that a literal application was not always fair to the taxpayer. ORS 316.007 states the legislative policy as follows:

"It is the intent of the Legislative Assembly, by the adoption of this chapter, *in so far as possible*, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, *modified as necessary by the state's jurisdiction to tax* and the revenue needs of the state; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and other pertinent provisions relating to gross income as defined therein, modified as provided in this chapter, resulting in a final amount called 'taxable income'; *and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state.*" (Emphasis added.)

The last clause of ORS 316.007 indicates a legislative intent to "impose a tax on residents * * * wherever derived and to impose a tax on * * * nonresidents that is ascribable to sources within this state." There is no apparent legislative intent to tax income which was earned, realized and received before a taxpayer .became an Oregon resident. On the contrary, the legislature appears to have believed that adjustments should be made in accordance with "* * * the state's jurisdiction to tax * * *."

ORS 316.047 also provides for other "appropriate adjustments" not otherwise provided for in the Act:

"If any provision of the Internal Revenue Code or of this chapter requires that any amount be added to or deducted from federal gross income or the net income taxable under this chapter that previously had been added to or deducted from net income taxable under the Oregon law in effect prior to the taxpayer's taxable year as to which this chapter is first effective, then, in such event, appropriate adjustment shall be made to the net income for the year or years subject to this chapter so as to prohibit the double taxation or the double deduction of any such amount that previously had entered into the computation of taxable income. Differences such as the difference in basis of property used by the taxpayer for federal and Oregon income tax returns and on account of the treatment of operating losses shall be resolved by application of this principle. * * *"

Both ORS 316.007 and ORS 316.047 reflect legislative awareness that modifications other than those contained in the Act may be required.

4. This court, in two recent opinions, has held that state taxable income will not necessarily be identical with federal taxable income in all cases.

*Christian v. Dept. of Rev.*, 269 Or 469, 526 P2d 538 (1974), involved Oregon residents who became enmeshed in the loss carryback and carryforward provisions of the Oregon tax law. In 1969, the taxpayers suffered a net operating loss which they attempted to carry back as a deduction to earned income in 1967 and 1968, or alternatively, to carry it over into 1970.

Prior to 1969, Oregon's income tax law provided for a carryforward but not for a carryback. The Internal Revenue Code of 1954 required a net operating loss deduction to be carried back to three prior years before it could be carried forward. In 1969, the Oregon Legislature passed the Personal Income Tax Act of 1969, adopting the federal Internal Revenue Code for the purpose of measuring personal income in Oregon.

[727]

The Tax Court held that the taxpayers could not carry back the loss because Oregon law in effect in 1967 and 1968 did not allow for a loss carryback, and they could not carry over to 1970 because, for federal tax purposes, the deduction had been fully utilized by a carryback on their 1967 and 1968 federal returns.

We held that ORS 316.007 and ORS 316.047 contemplated such situations. Justice Howell, writing for the court, stated:

"ORS ch 316 had as its basic goal the incorporation of all the provisions of the federal Internal Revenue Code with regard to the measurement of personal taxable income. As a result of this incorporation generally the taxpayer's federal taxable income will be the same as his state taxable income. ORS 316.062. However, incorporation does not mean that state taxable income will be identical with federal taxable income in all cases.

"ORS 316.007 states that it is the intent of the legislature 'in so far as possible, to make the Oregon personal income tax law identical *in effect* to the provisions of the federal Internal Revenue Code of 1954 * * *.' The tax court ruled that state taxable income must be identical to federal. Adherence to this rule would have an *effect* opposite to the one intended by the legislature. the plaintiffs' 1970 loss would be deductible under the federal law but not under the state law.

"A statutory exception to the general rule that federal taxable income will be the same as state taxable income is contained in ORS 316.047. This statute deals with transition problems inherent in going from one system of taxation to another. It provides for appropriate adjustments to prevent double taxation or double deductions. * * *" (Footnote omitted; emphasis in original.) 269 Or at 473-475.

*Smith v. Dept. of Rev.*, 270 Or 456, 528 P2d 73 (1974), is also relevant. In that case, plaintiffs were residents of Alaska until 1967, when they became Oregon residents. While living in Alaska they leased machinery from a corporation and subsequently discovered that they were charged a higher lease rental

than other lessees, in violation of the Federal Anti-Trust Laws. As a result of a suit filed in federal court, plaintiffs received a treble damage judgment against the lessors. However, the lessor was financially unable to satisfy the judgment, and a settlement was reached whereby plaintiffs would receive installment payments, together with interest.

Plaintiffs were not Oregon residents when they made the excessive lease payments, but they were Oregon residents in 1967 through 1970, during which time they received installment payments of principal and interest. Plaintiffs agreed that they were liable for Oregon income tax on the interest portion of the 1970 installment payment, but resisted any claim of income tax liability for the principal portion. The Department of Revenue conceded that the installments received by plaintiffs for the years 1967 and 1968 (other than interest) were not taxable by Oregon under the income tax law then in effect. However, following adoption of the Personal Income Tax Act of 1969, the Department of Revenue claimed that tax was due on the entire installment payment under ORS 316.062 (now ORS 316.048). The Department of Revenue contended that in the absence of an express modification, addition or subtraction, all items includable within a resident's "federal taxable income" were subject to state income tax. The Tax Court ruled against the taxpayers.

On appeal to this court, we reversed. We specifically noted that none of the express modifications in ORS chapter 316 applied. 270 Or at 458. Relying in part on *Christian v. Dept. of Rev., supra,* we held:

"The installment payment received by plaintiffs is *federal* taxable income because it was previously used to obtain a *federal* tax benefit as a deduction from *federal* gross income. The principle which includes such recoveries into gross income is that the recovery of property which was once the subject of a deduction from gross income is income, but only in regard to the respective taxing entity from which the

benefit of the deduction was obtained. *Alice Phelan Sullivan Corporation v. United States,* 381 F2d 399, 180 Ct Cl 659 (1967). Since plaintiffs took no deductions on previous Oregon income tax returns, the reason for classifying the refunds as income for the purpose of the federal tax return is not present. This case is another illustration of our holding in *Christian v. Dept. of Rev., supra,* that federal taxable income should not be synonymous per se with state taxable income. Under federal tax law if, as here, the taxpayer had not deducted the overcharge in his previous return, the refunds would not be taxable pursuant to the rule established in *Alice Phelan Sullivan Corporation v. United States, supra.* For the same reason, the refund should not be taxable in Oregon. Whether or not plaintiffs were taxed in Alaska for receipt of the installment payment is irrelevant to the case at bar.

"Although the definition of income is a dynamic concept subject to changes and modifications, see 1 Mertens, Law of Federal Income Taxation §§ 5.02-5.13 (rev 1969), the installment payment received by plaintiffs when residing in Oregon does not fall within any current definition of income. The only basis on which taxation on plaintiffs' installment payment in the present case can be justified is on the theory that plaintiffs' taxable income is to be regarded as identical to their taxable income for federal income tax purposes, irrespective of why the taxpayer is subject to tax under federal law. This view was rejected in *Christian v. Dept. of Rev., supra.* " (Emphasis in original.) 270 Or at 459.

It is significant that in *Smith* we held that no tax could be imposed even though the income was *realized* during the tax year in which the taxpayers were Oregon residents. In the case at bar the income was realized before the tax year involved and before the taxpayers became Oregon residents.

We further note that ORS 314.290[7] limits the defer-

---

[7] ORS 314.290:

"For tax years beginning on and after January 1, 1957, where laws

ral of tax on such gains, as to Oregon residents, to those instances where the newly acquired property has a situs in Oregon. Oregon collects its tax on the capital gains when the Oregon resident leaves the state. Our earlier analysis reflects our conclusion that the Oregon Legislature did not intend to permit the Department of Revenue to catch taxpayers coming and going from the state.[8]

We stated above that no court has held that such gains were taxable in the state of the "new" residence. Although we have found no case precisely on point, appellate courts in Michigan and Florida have ruled in favor of the taxpayer under related facts. *Fremont Mutual Insurance Co. v. State*, 73 Mich App 526, 252 NW2d 837 (1977) and *S.R.G. Corp. v. Department of Revenue*, 365 So 2d 687 (Fla 1978), tend to support the conclusion we have reached herein.

In *Fremont, supra*, the taxpayer was a mutual insurance company which collected insurance premiums in 1965, prior to the enactment of Michigan's corporate income tax. By virtue of a special provision of the Internal Revenue Code, it was not taxed under the federal tax law until 1970.

relating to taxes imposed upon or measured by net income make provision for deferral of tax recognition of gain upon the voluntary or involuntary conversion or exchange of tangible real or personal property, such provisions shall be limited to those conversions or exchanges where the property newly acquired by the taxpayer has a situs within the jurisdiction of the State of Oregon."

[8] This statute was amended by the 1979 Oregon Legislature. Or Laws 1979, ch 579, § 4. It now provides:

"* * * * *.

"(2) For tax years beginning on and after January 1, 1979, subsection (1) of this section shall not apply to the principal residence newly acquired by the taxpayer even if its situs is outside the jurisdiction of the State of Oregon."

While this amendment now prevents taxation of the gain at the time of acquisition of property having a situs outside Oregon, it does not affect our conclusion that the legislature did not intend that new Oregon residents should be taxed in this state upon gains realized prior to the tax year in question but not recognized for federal income tax purposes.

Michigan's corporate income tax became effective on January 1, 1968. In 1970, some $11,000 remained in a special account which was duly reported as income on the taxpayer's 1970 federal tax return. However, in filing its 1970 Michigan tax return, the taxpayer reduced its reported income by the same $11,000 amount. The Michigan Department of Revenue disallowed the reduction, the taxpayer paid the additional tax under protest and filed suit for a refund.

The issue was similar to the issue at bar. The court stated:

"The Department of Treasury argues that since the revenue in question was not recognized as income for Federal tax purposes until 1970, it was also subject to the Michigan tax in 1970. Plaintiff argues that the revenue was received, earned or otherwise acquired in 1965 and, hence, is not subject to taxation by the state in 1970. * * *" 252 NW2d at 838.

The Michigan tax provision provided for taxation "[f]or receiving, earning or otherwise acquiring income from any sources whatsoever * * *."

The Michigan court held that it was improper to tax the amounts which were recognized for federal income tax purposes in 1970:

"* * * As was stated in *Helvering v. Horst*, 311 U.S. 112, 61 S. Ct. 144, 85 L. Ed. 75 (1940):

. " 'Common understanding and experience are the touchstones for the interpretation of the revenue laws.' (311 U.S. 118, 61 S. Ct. 147).

. " 'In the ordinary case the taxpayer who acquires the right to receive income is taxed *when he receives it*, regardless of the time when his right to receive payment accrued.' (311 U.S. 115-116, 61 S. Ct. 146).

"Common understanding and experience indicate to us that in the instant case plaintiff not only received but also used the sum involved in 1965.

"We acknowledge that our conclusion in the instant case will lead to different dollar amounts being reported on plaintiff's 1970 state and Federal returns * * *." 252 NW2d at. 840-841.

In *S.R.G. Corp. v. Department of Revenue, supra,* the taxpayer's property was condemned in 1963. In 1965, the taxpayer utilized the condemnation award to purchase replacement property. Pursuant to section 1033 of the Internal Revenue Code, the taxpayer chose to defer the capital gain realized when it received the condemnation award.

In 1971, the voters of Florida adopted an amendment to their constitution allowing the imposition of income tax on corporations. Prior to that time, the Florida constitution prohibited the levy of a corporate income tax.

In 1975, the taxpayer sold the replacement property and paid the federal income tax on the capital gain, but refused to pay any state capital gain tax.

The appropriate Florida statute defined "income" to include gains from the sale of property 'at such time as said income is *realized* for federal income tax purposes."[9] (Emphasis added.)

The Florida Supreme Court held for the taxpayer, stating:

> "In the present case, appellant realized gain when the federal government paid it the condemnation award in 1963. That was the realized taxable event, and, in 1963, the Florida Constitution prohibited the imposition of an income tax on that transaction. We find and hold that Chapter 220 only authorizes taxation of gain which is realized by the taxpayer after January 1, 1972, and, since the disputed portion of the appellant's gain was realized in 1963, the State cannot impose an income tax on that gain." 365 So 2d at 689.

In both of the above cases, the taxpayers realized the income when it was not taxed under state law, but deferred recognition of the income for federal tax purposes. In each case the court held that recognition

---

[9] The term "realized" does not appear in Oregon's Personal Income Tax Act of 1969.

of income under federal tax law did not constitute a taxable event under state tax law. Although the statutory language in each case is distinguishable from ORS 316.048, we believe that the reasoning is sound and applicable to the case at bar.

■■ Our conclusion, based upon the statutes and case law, is that gain realized by a nonresident of this state before the tax year involved is not taxable by the State of Oregon even though recognition was deferred, under federal income tax law, until the tax year in question and after the nonresident had established residency in Oregon.

Reversed.