144

PETERSEN,
*Appellant,*
PETERSEN,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(No. 2310; SC S32318)

719 P2d 869

Paul J. Petersen, in propria persona, Hood River, argued the cause and filed the brief for appellant.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Peterson, Chief Justice, and Lent, Campbell, Carson, Jones and Gillette, Justices.

PER CURIAM

## PER CURIAM

The appellant is a taxpayer who lived and was employed in California. In 1979 he executed a salary reduction agreement for the purchase of a retirement annuity contract, intending that he not be taxed, at that time, on the money used to purchase the annuity.

He later moved to Oregon. In 1980 and 1981, while living in Oregon, he withdrew the annuity funds. He reported the withdrawn funds as income on his federal income tax return, but showed them as deductions from adjusted gross income on his Oregon return.

The Audit Division of the Oregon Department of Revenue assessed a deficiency for 1980 and 1981. The taxpayer appealed the assessment to the Department of Revenue. The Department ruled against him. He then filed a complaint in the Tax Court asking that the assessment be set aside. The Tax Court ruled against him. *Petersen v. Department of Revenue,* Oregon Tax Court No. 2310 (October 8, 1985).

We adopt the opinion of the Tax Court, a copy of which is set forth as an appendix to this opinion, as our own.

The decision of the Tax Court is affirmed.

## APPENDIX

Plaintiffs appeal from deficiencies assessed by the defendant on their Oregon state income tax returns for 1980 and 1981.

Prior to 1980, Paul Petersen (hereinafter referred to as "plaintiff") was employed as a business manager by Hartnell Community College District in Monterey, California. On August 9, 1979, while so employed, he executed a salary reduction agreement which was to be effective August 31, 1979. Under the terms of that agreement, his current compensation was reduced by $3,000 per month and that amount was sent to Safeco Insurance Company for the purchase of a retirement annuity contract in his name. The annuity was intended to and apparently does qualify under Internal Revenue Code § 403(b) as a qualified tax shelter annuity.

After execution of the agreement, some $15,000 was withheld from plaintiff's salary and sent to the insurance company. At the end of October 1979, plaintiff retired and moved from California to Oregon. In 1980, plaintiff withdrew $12,000 from his annuity contract and in 1981 he withdrew the remaining $3,000. Plaintiff included both of these amounts for the respective years in his federally reported income. However, he showed both amounts as deductions from adjusted gross income on his Oregon return Form 40, with the written explanation that such income was earned in California while a California resident.

Based on the information contained in plaintiff's Oregon income tax returns, defendant assessed the deficiencies which are now being appealed. Defendant's position is that plaintiff's federal taxable income is the measure of plaintiff's Oregon taxable income unless Oregon statutes provide for subtractions, modifications or additions. ORS 316.048 provides:

> "The entire taxable income of a resident of this state in his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

Defendant contends, and the court agrees, that no Oregon statutes provide for subtracting amounts withdrawn

from a tax sheltered annuity from the plaintiff's federal taxable income. In support of its position, defendant cites *Lindau v. Dept. of Rev.*, No. 1936, slip op (July 25, 1985), wherein this court held that a taxpayer's retirement income earned while a resident of another state is nevertheless taxable by Oregon unless specifically excluded under ORS 316.680(1)(c).

Plaintiff agrees with defendant in part. He acknowledges that if and when he receives retirement income on which he has not already paid tax, it will be taxable by Oregon. However, plaintiff's contention is that the amounts withdrawn from the annuity contracts are not "income" but a return of capital. Plaintiff maintains that he "realized" the $15,000 while still a resident of California. Although not actually received physically by plaintiff, the $3,000 per month showed on his monthly statement of earnings and deductions. Plaintiff contends that he had control of the funds and that his tax sheltered annuity was purchased for him while he was still in California. On these facts, plaintiff contends that *Denniston v. Dept. of Rev.*, 287 Or 719, 601 P2d 1258 (1979), precludes Oregon from taxing amounts withdrawn from his tax sheltered annuity. Plaintiff also contends that he has received no tax benefit from Oregon and the fact that California chose not to tax the benefit when received does not affect the status of his annuity for Oregon.

The issue is whether *Denniston v. Dept. of Rev., supra*, or any other case saves plaintiffs from the mandate of the statute. The court concludes that it does not.

In *Denniston v. Dept. of Rev., supra*, the court was concerned with whether gain realized from the sale of the taxpayer's personal residence in California was taxable in Oregon. The Supreme Court recognized the distinction between the "realization" of gain from the sale of property and "recognition" of the same gain for tax purposes. The court there held:

> "Our conclusion, based upon the statutes and case law, is that gain realized by a nonresident of this state before the tax year involved is not taxable by the State of Oregon even though recognition was deferred, under federal income tax law, until the tax year in question and after the nonresident

has established residency in Oregon." *Denniston v. Dept. of Rev., supra,* at 734.

The term "realized" is a term used primarily in connection with the gain or loss incurred on the disposition of property. In this case we are not concerned with the disposition of property but with compensation received for the rendering of personal services. In this context, the emphasis is not on when income is "realized" but when income is "received."

> "The doctrine that payments of compensation are income to a taxpayer on a cash basis in the year of receipt, as distinguished from the year in which the compensation is earned, is too firmly imbedded in income tax law to permit of any question." 2 Mertens *Law of Federal Income Taxation,* § 12.42.

Of course, income for personal services can be actually received or constructively received for purposes of the income tax laws. *Wilson v. Comm.,* 39 TC 362 (1962).

■ As pointed out by the defendant, the purpose of the salary reduction agreement executed by plaintiff was to overcome the constructive receipt rules. Such an agreement is necessary in order to defer recognition and imposition of income tax on the amounts contributed by the employee to the tax sheltered annuity until such amounts are actually received.[1] The legal effect of the agreement, however, is to place that portion of the plaintiff's compensation beyond his control. If it failed in that respect, the rules of constructive receipt would apply and the taxpayer would be required to recognize that income currently for his federal and state income taxes.

■■ Thus, by virtue of the agreement, plaintiff agreed not to receive the income currently. The fact that the amount was shown as a deduction in his statement of earnings and deductions does not control. For income tax purposes, both state and federal, plaintiff elected to defer receipt of the amount which the employer used to purchase the tax sheltered annuity. If the annuity did not qualify under IRC § 403(b) as a

---

[1] If the employee enters into a salary reduction agreement, the "employer will be deemed to have purchased an annuity contract within the meaning of section 403(b) of the Code." 4A Mertens *Law of Federal Income Taxation* § 25B.63a.

tax sheltered annuity, or as part of a qualified retirement plan, plaintiff's vested interest therein would have been taxable currently. It was not taxable because it did qualify as a tax sheltered annuity and therefore was not constructively received or actually received by the plaintiff. Consequently, when plaintiff withdrew the sum in 1980 and 1981, he was receiving such compensation for the first time. Upon withdrawal, it became subject to tax by both the federal government and plaintiff's state of residence at the time of withdrawal. Plaintiff concedes he was a resident of Oregon in 1980 and 1981 when the funds were received. This makes the income taxable by Oregon, even though earned while plaintiff was a resident of California.

The opinion and orders of the Department of Revenue, No. 4-0054-A and 2-0358-A, are hereby affirmed.