# IN THE OREGON TAX COURT

E. Daniel and Joanne SEYMOUR
*v.*
DEPARTMENT OF REVENUE
(TC 2928)

E. Dan Seymour represented plaintiffs.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 16, 1990.

## CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. The parties have stipulated the facts and submitted memoranda of law.

In May 1981, Joanne Seymour's father gave her some corporate stock. Her father died in March 1984. On June 1, 1984, Joanne sold the stock for $100,000. In filing plaintiffs' joint 1984 federal income tax return, Joanne used her father's basis of $3,100 in reporting the gain on the sale of the stock. However, on plaintiffs' 1984 Oregon income tax return, she used a basis of $100,000, the value of the stock as of the date of her father's death. Upon auditing the Oregon return, defendant assessed a deficiency. Defendant contends that plaintiffs should have used the same basis for their Oregon income tax return as they used for their federal income tax return.

The nature of this dispute is only understood in light of the applicable tax rules.[1]

Federal income taxes are imposed on the gain realized from the sale of property. Gain is the difference between the sales price and the taxpayer's "basis" in the property. A taxpayer's basis is usually its cost. An important factor in this case is the relationship between income taxes and estate taxes. IRC § 1014(b)(9) gives a taxpayer a "stepped-up" or fair market value basis for property acquired from a decedent. In subjecting the property to possible estate taxes on its fair market value, the law declines to tax the appreciation for income taxes.

Prior to January 1, 1982, IRC § 2035 presumed that gifts made within three years of a donor's death were made in contemplation of death. The effect was to include such gifts in the decedent's estate and subject them to federal estate taxes. In such case, however, the donee received a stepped-up basis for income taxes by virtue of IRC § 1014.

Prior to 1969, Oregon rules paralleled those of the federal government. Taxpayers received a stepped-up basis for property subjected to Oregon inheritance taxes. ORS 316.266(6), Personal Income Tax Act 1965 Replacement Part.

[1] To avoid unnecessary complexity and confusion, no references are made to the numerous exceptions and conditions associated with the rules.

Gifts made in contemplation of death were subject to Oregon inheritance tax. ORS 118.010(3)(a). Accordingly, such gifts were given a stepped-up basis for income tax purposes. Reg 316.258 (1967 Supplement to 1965 Personal Income Tax Act).

■ This independent paralleling of the laws ended when the legislature adopted the Personal Income Tax Act of 1969. Or Laws 1969, ch 493. That law made federal taxable income the measure of Oregon taxable income.

■ In 1981, IRC § 2035 was amended, deleting the gift-in-contemplation-of-death provision. Even though a gift was made within three years of the donor's death, it was no longer included in the donor's federal taxable estate. However, the donee did not receive a stepped-up basis and any gain upon disposition was subject to income tax.

■ The problem arises in this case because Oregon did not amend ORS 118.010(3)(a). Gifts made within three years of death are still treated as if made in contemplation of death and are subject to Oregon inheritance taxes. Since Oregon uses federal taxable income to measure Oregon taxable income, the taxpayer is subject to income taxes on the gain for both federal and state purposes. However, the Oregon taxpayer is also subject to Oregon inheritance taxes by ORS 118.010(3)(a). Plaintiffs maintain this is double taxation which can be avoided by applying ORS 316.047. Defendant contends that it is not double taxation because there are two separate taxes involved, income taxes and inheritance taxes.

■ The results sought by defendant seem unfair and unintended by the legislature. To have the basis in property for Oregon income taxes depend upon whether the property is subject to federal estate taxes seems like a legislative oversight. The question, however, is what the law provides. Plaintiffs rely upon ORS 316.047:

"If any provision of the Internal Revenue Code or of this chapter requires that any amount be added to or deducted from federal gross income or the net income taxable under this chapter that previously had been added to or deducted from net income taxable under the Oregon law in effect prior to the taxpayer's taxable year as to which this chapter is first effective, then, in such event, appropriate adjustment shall be made to the net income for the year or years subject to this chapter so as to prohibit the double taxation or the double

deduction of any such amount that previously had entered into the computation of taxable income. Differences such as the difference in basis of property used by the taxpayer for federal and Oregon income tax returns and on account of the treatment of operating losses shall be resolved by application of this principle. However, the department, in its audit of a return, shall not apply any adjustment under this section which, in its opinion, if applied would result in an increase or decrease of tax liability of less than $25. Where applicable, the provisions of ORS 314.275 shall be utilized."

A close reading of this statute discloses that it intended to prevent double *income* tax deductions or taxation. This case does not involve double income taxation. The tax of which plaintiffs complain is an inheritance tax, not an income tax. Thus, the transitional statute is not broad enough to accomplish what plaintiffs desire.[2]

■      As previously noted, IRC § 1014 gives a taxpayer a stepped-up basis for income tax if the property is included in the decedent's federal estate. For this court to find in plaintiffs' favor, it would have to change the language of IRC § 1014 to make it read:

"[I]f * * * the property is required to be included in determining the value of the decedent's gross taxable estate under ORS chapter 118."

It would be logical to relate Oregon income taxes to Oregon inheritance taxes. That relationship enables the legislature to balance the tax burdens imposed on the citizens of the state. However, this court has no authority to change words in either the federal or the state statutes. Since 1969, the legislature does not appear to have addressed the issue. In the absence of some authority, the court must stop short of legislating itself.

"The fact that a statute operates unfairly is to be considered by the court in deriving the intent of the legislature in the enactment of the statute. However, that constructional guide does not warrant the judicial insertion of language into a

---

[2] The language in ORS 316.047 is illustrative of the problem at hand. That statute refers to "*any* provision of the Internal Revenue Code." (Emphasis added.) This would include federal estate and gift taxes. However, when referring to Oregon law, it is only "this chapter." That is, only ORS chapter 316. This disparity in scope of terms adds to the problem.

clearly worded statute simply because the court is of the opinion that the statute operates unfairly." *Bechtel v. State Tax Com.*, 228 Or 123, 127, 363 P2d 1102 (1961).

Plaintiffs cite other Oregon Supreme Court cases which have "rewritten" the income tax laws. *Christian v. Dept. of Rev.*, 269 Or 469, 526 P2d 538 (1974), and *Smith v. Dept. of Rev.*, 270 Or 456, 528 P2d 73 (1974). However, in each case the court's purpose was to accomplish the intent of the legislature. That intent, as expressed in ORS 316.007, is that Oregon's personal income tax law be "identical in effect" to the Internal Revenue Code, modified as the legislature may deem appropriate. What plaintiffs seek is a consistent correlation between income and inheritance taxes. However, to accomplish that consistency, the court would have to violate the legislative policy of having the income taxes be "identical in effect." Accordingly, the court finds that defendant's Motion for Summary Judgment should be granted. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment be, and hereby is, granted; and

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment be, and hereby is, denied.

Costs to neither party.