# IN THE OREGON TAX COURT

Paul J. DEXHEIMER
and Monica G. Dexheimer

*v.*

DEPARTMENT OF REVENUE

(TC 3248)

Plaintiffs appeared *pro se*.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 22, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's Motion for Summary Judgment. Plaintiffs did not respond to the motion.

Prior to July 14, 1980, plaintiffs resided in Washington. On that date, they sold their home on terms that permitted installment payments. Since plaintiffs intended to replace their home, they elected to defer recognition of the gain for purposes of the federal income tax. The State of Washington has no personal income tax.

Plaintiffs moved to Oregon on July 19, 1980. Plaintiffs did not replace their home as anticipated. In 1984, they filed an amended 1980 federal income tax return recognizing the gain on the installment basis. In 1985, plaintiffs received a balloon payment from the 1980 sale. Plaintiffs reported the capital gain portion of that payment on their 1985 federal return. However, they subtracted the capital gain from their income on their Oregon return. Defendant audited the return and asserted the income was taxable by Oregon.

The issue raised by defendant's motion is whether the income received by plaintiffs in 1985 from the sale of their Washington residence is taxable by Oregon.

■ Unless otherwise modified, an individual's taxable federal income is the measure of that individual's taxable Oregon income. ORS 316.048. Plaintiffs' claim is as follows:

> "In plaintiff's [sic] case the sale was completed before plaintiff [sic] became an Oregon resident [sic]. The election was made for federal tax purposes to tax the gain as the installment payments were actually received. It is plaintiff's [sic] position that the Federal Election does not apply to the State of Oregon in this case and the States [sic] arguments and findings are therefore wrong[.]"

Plaintiffs assume the gain from the sale of their residence was recognized in 1980 for purposes of state income taxes. Since Washington has no state income tax, the gain would not have been subject to tax by any state.

■■ Plaintiffs would be correct if they had received all of the gain or chosen to recognize all of the gain prior to moving to Oregon. However, they did neither. Plaintiffs sold their home on the installment basis, which resulted in their realizing gain after they moved to Oregon. Also, they chose to recognize the gain from the sale on the installment basis. This caused them to recognize income from the sale of their house after they became residents of Oregon. *See* IRC § 453(c). By realizing and recognizing the gain after they became Oregon residents, the gain became subject to taxation by Oregon. In *Denniston v. Dept. of Rev.*, 287 Or 719, 601 P2d 1258 (1979), the court agreed with the Department of Revenue that "the state can tax income which accrued before the taxpayer

became a resident, but which was received after the taxpayer acquired residence in the state." *Id.* at 724.[1]

In summary, after becoming Oregon residents, plaintiffs received installment income which must be included in their income for federal income tax purposes. Accordingly, such income was properly includable in their Oregon taxable income. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted.

---

[1] The taxpayers in *Denniston v. Dept. of Rev.*, 287 Or 719, 601 P2d 1258 (1979), prevailed because the gain was *realized* before they became Oregon residents although not *recognized* until after their move to Oregon. In the case at bar, both realization and recognition of the gain occurred when the taxpayers were Oregon residents.