IN THE TAX COURT OF THE
STATE OF OREGON

J. Michael MAGINNIS
and Janet Y. Maginnis
*v.*

DEPARTMENT OF REVENUE
(TC 4310)

Joseph J. Hanna, Jr., Hanna, Kerns & Strader, Portland, represented Plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Plaintiffs rendered January 25, 1999.

## CARL N. BYERS, Judge.

This appeal concerns whether proceeds from the assignment of a state lottery prize are subject to Oregon's personal income tax. There is no dispute of material facts, and the matter has been submitted to the court on cross motions for summary judgment.

Plaintiffs (taxpayers) are husband and wife. On July 28, 1991, husband won a state lottery prize of $9,000,000, payable in 20 annual installments of $450,000 each. As of the date the prize was awarded, ORS 461.560[1] provided that:

"* * * No state or local taxes shall be imposed upon the sale of lottery tickets or shares of the state lottery established by this chapter *or any prize awarded* by the state lottery established by this chapter." (Emphasis added.)

In 1995, the legislature enacted ORS 461.253 to allow the assignment of a lottery prize, if the assignment is approved by a circuit court.

On January 17, 1996, husband assigned his right to the remaining 15 installments (totaling $6,750,000) to an out-of-state party in exchange for a cash payment of $3.95 million dollars. Initially, taxpayers reported all $3.95 million on their 1996 Oregon personal income tax return. Later, they timely filed an amended return claiming the amount as exempt from state taxation and seeking a refund. Defendant (department) denied the refund and taxpayers appealed to the Magistrate Division of the Tax Court. The magistrate ruled in favor of the department, and taxpayers appealed to the Regular Division.

### ISSUE

If a state lottery prize is exempt from state income tax, then are the proceeds received from an assignment of that prize also exempt from state income tax?

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes are to 1991.

## ANALYSIS

■■ Oregon follows federal income tax laws and principles to the extent practicable. ORS 314.011(3). Under federal income tax laws, the character of income does not change when the right to income is assigned. Therefore, taxpayers assert that because the lottery prize was exempt, proceeds from assignment of the right to receive the lottery prize are also exempt. Taxpayers cite three authorities: *Palm Beach Trust Co. v. Commissioner*, 9 TC 1060, 1067-68 (1947) (noting that where bond interest is exempt, the amount received upon disposition of an obligation intended to represent interest does not alter the nature of the income); Revenue Ruling 72-224, 1972-1 CB 30 (stating that when municipal bonds are sold between interest dates and the sale agreement specifies an amount for interest, the amount specified remains tax exempt); and *Commissioner v. P.G. Lake, Inc.*, 356 US 260, 78 S Ct 691, 2 L Ed 2d 743 (1958) (finding that proceeds from assignment of oil and sulfur payments retained character of ordinary income subject to depletion and were not capital gains). In the latter case, the court stated:

> "* * * We have held that if one, entitled to receive at a future date interest on a bond or compensation for services, makes a grant of it by anticipatory assignment, he realizes taxable income as if he had collected the interest or received the salary and then paid it over." *P.G. Lake*, 356 US at 267.

In opposition, the department makes two basic arguments. The first relies on ORS 316.048, which provides:

> "* * * The entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

The department points out that ORS chapter 316 does not provide any modification for proceeds from the assignment of a lottery prize.

■■ However, ORS chapter 316 has never provided any modification for lottery prizes, yet they have been exempt. They have been exempt because exemption is specifically granted by ORS chapter 461. Also, as taxpayers point out, not all necessary modifications are mentioned in ORS chapter

316. *See Denniston v. Dept. of Revenue*, 287 Or 719, 601 P2d 1258 (1979). If the lottery prize is exempt from taxation without being mentioned in ORS chapter 316, then proceeds from the assignment of an exempt prize may also be exempt.

The department's second argument is that the exemption is only for the lottery "prize" and not for proceeds from the assignment of that prize. The department contends that by assigning the lottery prize, taxpayers disposed of an asset in which they had a very small basis; *i.e.*, the price of the lottery ticket. The department reasons that all of the proceeds realized from the assignment are gain realized from the disposition of an asset. Two false assumptions underlie the department's position. First, the department assumes that each annual installment is an award of the prize. Based on the text and context of ORS 461.560, taxpayer was awarded the prize in 1991. The prize consisted of the right to receive $9,000,000 in 20 annual installments. That right is exempt from taxation by the state.

■　　The department's second assumption is that the assignment of the prize changes the character of the income to taxpayers. As the cases cited above indicate, that is not the law. Just as a taxpayer cannot convert ordinary income into exempt income or capital gains, sale of an exempt prize does not make the sale proceeds taxable.

The department reasons that the prize is like an investment and therefore taxpayers can be taxed on any amount realized in excess of their basis upon disposition of the prize. However, that logic gives less than full effect to the statute exempting the prize from taxation. If the prize is tax exempt, then how can a taxpayer incur tax if that prize is sold? The effect of the exemption statute is to place the prize in the hands of taxpayer free of tax obligations. If a taxpayer later disposes of the prize, then there is neither taxable gain nor loss.

■　　In summary, taxpayer (husband) won a prize in 1991 that ORS 461.560 exempted from state and local taxes. When the legislature enacted ORS 461.253 (1995) allowing assignment of such a prize, it must have intended for the proceeds from such assignment be tax exempt. Otherwise, the incentives surrounding the tax exemption operate contrary to the

best interest of the state. Also, taxing the proceeds would be inconsistent with the character of the income under federal income tax law. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendant's Cross Motion for Summary Judgment is denied. Plaintiffs to recover costs.